**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**DONALD RAY TERRY**                                                          **PETITIONER**

**v.**                                                                          **No. 2:04CR113-P-B**

**UNITED STATES OF AMERICA**                                                  **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on Donald Ray Terry's 28 U.S.C. § 2255 motion to vacate, set aside, or correct the sentence imposed in the court's May 12, 2005, judgment. The government responded to the motion on August 4, 2008. Petitioner filed an addendum to his motion on October, 27, 2008. This matter is ripe for review. For the reasons set forth below, the instant petition for writ of *habeas corpus* shall be denied.

### I.      Facts and Procedural Posture

On Saturday March 27, 2004, law enforcement officials stopped petitioner's vehicle for disturbing the peace. Upon arrest, officers found 3.7 grams of cocaine base, crack cocaine, in petitioner's sock and $1,770 is his pocket. Officers also found a set of digital scales and a folded dollar bill containing power cocaine in the center console of the vehicle. Officers obtained a search warrant for a trailer where petitioner had been living for approximately two weeks prior to the arrest. While executing the search warrant officers found a blue container, inside a locked bedroom, which contained approximately 32.3 grams of cocaine base, 3.6 grams of cocaine powder, and digital scales. In a backpack in the same locked bedroom, officers found approximately 111.5 grams of powder cocaine, 36.5 grams of benzocaine (a common cutting

agent), along with papers and receipts in petitioner's name.  Petitioner's girlfriend, Natashia Tellis, and her children were at the residence during the search.

After his arrest and while out on bond, petitioner and Tellis became involved in an altercation.  According to the government, petitioner picked up Tellis in Charleston, Mississippi in his car on night of July 1, 2004.  The government claimed that petitioner had then driven Tellis around "threatening and beating her during the night" to tell officials that the drugs were hers.  (Change of Plea and Sentenc. Hrg. Tr. 22, Nov. 3, 2005, *hereinafter* "Change of Plea and Senten. Hrg. Tr. III").  Tellis provided testimony to a grand jury confirming the government's version of the events described above.  (Senten. Hrg. Tr. 5-6, May 18, 2005, *hereinafter* "Senten. Hrg. Tr. II").  Petitioner admitted physically abusing Tellis that night, but claimed that the altercation was the result of a continuing feud over jealously within the relationship rather than a dispute over the drugs found in the residence. (Change of Plea and Senten. Hrg. Tr. III 27)

On July 29, 2004, petitioner was charged in a four count indictment.  Count one charged petitioner with possession with intent to distribute 36 grams of cocaine base, crack cocaine; count two charged petitioner with possession with intent to distribute approximately 115 grams of a substance containing cocaine; counts three and four charged petitioner with crimes relating to the assault on Tellis in an attempt to force her to provide false information to law enforcement officials and in retaliation for providing information regarding the possession of controlled substances.

On December 9, 2004, petitioner pled guilty to count two of the indictment.  Petitioner, however, denied nearly all factual allegations pertaining to counts one, three, and four.  At the first scheduled sentencing hearing on March 24, 2005, petitioner denied all statements in the PSR pertaining to possession of *crack* cocaine (count one), and the grand jury testimony given

by Tellis explaining the attempted obstruction of justice. (Senten. Hrg. Tr. 12-14, Mar. 24, 2004, *hereinafter* "Senten. Hrg. Tr. I"). Given the petitioner's denials and objections to the PSR, the court continued the sentencing hearing to allow for additional evidence to be presented at a later date. At the second sentencing hearing on May 18, 2005, petitioner again denied any factual allegations except those related to count two. The court then rejected the plea agreement, and petitioner withdrew his plea of guilty.

On November, 3, 2005, petitioner entered a plea of guilty to count two of the indictment, but formally objected to the relevance of statements in the PSR concerning possession of *crack* cocaine and obstruction of justice. After the court accepted the plea, the sentencing phase immediately followed. The court heard testimony from petitioner and law enforcement officials as to the validity of factual information contained in the PSR. Following the testimony, the court ruled on petitioner's objections. First, the court found there was sufficient evidence to conclude that the crack cocaine found in Terry's sock was relevant for sentencing purposes. Second, the court expressed doubt as to the ownership of the 32.3 grams of crack cocaine found at the residence and sustained the objection to its relevance for computation of offense level. Finally, based on statements contained in the PSR taken from numerous law enforcement officials and grand jury testimony from Tellis, the court found petitioner's actions with regard to the obstruction of justice charge applicable under the relevant conduct provisions of the sentencing guidelines.

Based on the testimony and the PSR, the court then determined that the applicable guidelines warranted a total offense level of 26 and a criminal history category of III. The court sentenced petitioner to a term of 97 months in the custody of the Bureau of Prisons on count two. (Change of Plea and Senten. Hrg. Tr. III 97). The court noted that this was a significantly lower

sentence than what the petitioner would have originally received prior to that day's hearing. (Change of Plea and Senten. Hrg. Tr. III 98). The court then informed petitioner that he had a right to appeal as the result an illegally imposed sentence, a miscalculation of the sentencing guidelines, or a plainly unreasonable sentence. (Change of Plea and Senten. Hrg. Tr. III 99).

Petitioner filed a notice of appeal on January 6, 2006. Fed. R. App. P. 4(b)(1)(A) requires that the notice of appeal by the defendant in a criminal case be filed within ten days of entry of the judgment or order from which appeal is taken. Therefore, the final day for filing a timely notice of appeal was November 29, 2005, because of intervening holidays and weekends. *See* Fed. R. App. P. 26(a)(3). The untimely filing of a notice of appeal within a thirty-day period under Fed. R. App. P. 4(b)(4), however, is customarily treated as a motion to determine whether the untimely filing was due to excusable neglect or good cause—warranting an extension of the time to appeal. *See United States v. Golding*, 739. F.2d 183, 184 (5th Cir. 1984). In the petitioner's case, that thirty-day period expired on December 28, 2005.

A prisoner's *pro se* notice of appeal is deemed filed when deposited in the institution's internal mail system. Fed. R. App. P. 4(c)(1). The record in this case does not reveal whether the defendant deposited his notice of appeal in the prison's internal mail system on or before December 29, 2005. He did, however, affix the date of December 28, 2005, to the notice of appeal filed on January 6, 2006. On August 14, 2006, the Fifth Circuit remanded the case to determine whether there was excusable neglect or good cause for the petitioner's delay in filing. On December 12, 2006, the district court found that petitioner's notice of appeal fell within the thirty-day time limit contained in Fed. R. App. P. 4(b)(4) and ordered the petitioner to explain his late notice. In response, petitioner referred to his "letter motion" filed on December 29, 2005, wherein he indicated that he was unaware of his right to appeal. In an order dated March

30, 2007, the court determined that there was no excusable neglect or good cause for failing to file a notice of appeal since the court informed petitioner of his right to appeal at the hearings on December 9, 2004 and November 3, 2005.  The Fifth Circuit affirmed the court's ruling on May 4, 2007.  Terry filed the instant motion for relief under 28 U.S.C. § 2255 on September 20, 2007.

## II.      Donald Ray Terry's Claims

In support of his motion, petitioner raises the following grounds for relief:

1.      Trial counsel was ineffective for failing to file a timely notice of appeal allowing for appellate review of petitioner's claims of improper application of sentencing guidelines.

2.      Trial counsel was ineffective for improperly inducing petitioner to plead guilty to the charge by promising that he would receive no more that sixty months in prison.

3.      Trial counsel was ineffective for failing to investigate the case and the law, failing to mount an adequate defense, and failing to call exculpatory witnesses.

4.      Trial counsel was ineffective for failing to investigate the case and file a motion to suppress evidence.

In an addendum filed on October 27, 2008, petitioner additionally alleges the trial court erred for failing to grant a three-point offense level reduction for "acceptance of responsibility."

## III.     Standard for Review

After a defendant has been convicted and exhausted or waived any right to appeal, "a court is entitled to presume that [he] stands fairly and finally convicted."  *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).  Accordingly, relief under 28 U.S.C. § 2255 is "reserved for transgression of constitutional rights and for a narrow range of injuries that could not have been

raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Unites State v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). Once a sentence of imprisonment has been imposed, the court's authority to reduce or modify the sentence is limited. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994). A criminal defendant seeking relief from his conviction or sentence in a motion to vacate pursuant to § 2255 must therefore establish one of the following: (1) his sentence was imposed in violation of the Constitution or laws of the United States: (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

When a defendant raises an issue for the first time during collateral review, he must ordinarily show both cause for his procedural default and actual prejudice resulting from the alleged error. *Gaudet*, 81 F.3d at 589. The "cause and actual prejudice" standard is "significantly more rigorous than even the plain error standard applied on direct appeal." *Id*. The procedural bar does not apply, however, to a claim which could not have been raised on direct appeal, such as those alleging ineffective assistance of counsel. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992). Conversely, issues raised and disposed of in an appeal from an original judgment of conviction are not to be considered in collateral § 2255 motions.

## III.    Discussion

### *Ineffective Assistance of Counsel*

Petitioner presents four grounds for relief based upon the alleged ineffective assistance of his attorney. To establish that counsel provided ineffective assistance, a movant under must show that (1) his counsel's performance was deficient and (2) the deficient performance prejudiced his defense. *Pitts v. Anderson*, 122 F.3d 275 (1997); *Strickland v. Washington*, 466

U.S. 668, 687 (1984). The court must presume that counsel's conduct was reasonable—in other words, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. The court must not analyze counsel's action with the crystal clarity of hindsight; rather, the court must view counsel's actions using the information reasonably available to counsel at the time of the representation. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Should the court determine that counsel's performance was deficient, "then [the court] must determine whether there exists a reasonable probability that but for the complained-of error, the outcome of the trial or appeal would have been different." *Pitts*, 172 F.3d at 275 (quoting *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

*Ground One*

In his first ground for relief, petitioner specifically alleges that directly following the imposition of his sentence, he advised his counsel that he wished to file an appeal, and that despite his instruction, counsel failed to file a timely notice of appeal. The record, however, directly contradicts petitioner's current allegations.

"A lawyer who disregards specific instruction from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000); *see also Rodriquez v. United States*, 395 U.S. 327 (1969). The analysis to determine whether the attorney acted unreasonably begins with the issue of consultation. Where an attorney has consulted with a defendant, his performance will be deemed deficient only where he fails to follow "the defendant's express instructions with respect to an appeal;" where no consultation has occurred the court must determine whether the "counsel's failure to consult with the defendant itself constitutes deficient performance." *Roe*, 528 U.S. at 478. Under this test

"counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id* at 480. Whether the defendant entered a guilty plea is particularly relevant because such a plea "reduces the scope of potentially appealable issues . . . [and] may indicate that the defendant seeks an end to judicial proceedings." *Id*. Even where a defendant pleads guilty, to determine whether a rational defendant or this particular defendant would have desired such an appeal the court must consider such factors as whether the defendant received the sentence bargained for and "whether the plea expressly reserved or waived some or all appeal rights." *Id*.

Petitioner argues that he specifically informed his counsel to file a notice of appeal and that counsel failed to do so. On its face this argument presents a constitutional concern that counsel was *per se* ineffective. Absent any evidence on the record as to such a demand by the petitioner, this court would ordinarily be required to hold an evidentiary hearing to further flesh out the allegations. *See United States v. Onwuasoanya*, No. 96-20877, 180 F.3d 261, 1999 WL 274479 (5th Cir. Apr. 16, 1999) (holding that the district court abused its discretion by not holding an evidentiary hearing when defendant informed his attorney he wanted to appeal and was not told of the applicable time limitations). In the present case, however, there exists sufficient evidence on the record that contradicts petitioner's current allegation that he actually informed his attorney he desired an appeal.

In a letter to the district judge dated December, 27, 2005, petitioner states,

I was not informed by my attorney, Gregory Parks, that I had a right to appeal, and I did not waive my appeals right . . . . Upon arriving here [the correctional center], I was informed that I <u>have</u> a right to appeal in the 5th Circuit of Appeals [sic]. I was also

informed that I should have, within 10 days of my conviction, filed a "notice of appeal."
I reiterate: this fact was 'never' brought to my attention.

Dkt. Entry 56.

Petitioner appears adamant in this letter that his attorney never discussed his right to appeal, much less the requirement of filing a timely notice of appeal—a clear contradiction of the statements in the instant motion that he specifically requested that his attorney file a appeal and the attorney failed to do so. Based on his conflicting statements, petitioner is simply unable establish that he requested counsel file an appeal and counsel failed to do so. Therefore, counsel's conduct should be judged under the alternative *Flores-Ortega* scenario were no consultation occurred.

The evidence on record is insufficient to establish that Attorney Park had a duty to consult because either the objectively reasonable defendant, or Terry himself, would have desired such an appeal. First, of particular importance in this case is the fact that petitioner pled guilty to the charge of distribution of powdered cocaine. This provided a reasonable indication to Attorney Park that Terry sought an end to the proceedings rather than further judicial action. Second, petitioner's guilty plea limited the scope of appealable issues such that any potential claims would have been frivolous. Third, while petitioner did not receive a three point reduction for acceptance of responsibility as expressed in the plea agreement, the trial court set out acceptable reasons for denying the reduction. *See infra*, Ground Five. Fourth, the overall result of the sentencing hearing was that petitioner actually received a far less sentence than that which was originally indicated in the PSR. This result was ultimately the product of Attorney Park's decision to file reasonable objections and provide evidence which contradicted factual statements in PSR. Having achieved an arguably successful result in that petitioner was sentenced to 97 months rather than the potential 151 to 188 months previously indicated, there is

no reason to think that a rational defendant would seek an appeal. Finally, the evidence also demonstrates that there is no reason to think that this particular defendant would have desired an appeal in that he expressed gratitude in open court for the outcome and the sentence imposed. (Change of Plea and Senten. Hrg. Tr. III 98).

The best practice is "for counsel routinely to consult with the defendant regarding the possibility of an appeal." *Roe v. Flores-Ortega*, 120 S. Ct. at 479. For the foregoing reasons, however, Attorney Park's conduct did not violate petitioner's constitutional rights. Accordingly, petitioner's first ground for relief shall be denied.

*Ground Two*

In his second ground for relief, petitioner essentially claims that his guilty plea is invalid because Attorney Park led him to believe that the sentencing guidelines would result in no more than sixty months imprisonment. The record clearly refutes these allegations.

"The Constitution requires that a defendant be advised and understand the consequences of a guilty plea." *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990). "The consequences of a guilty plea with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged. As long as the [defendant] understood the length of time he might possibly receive, he was fully aware of his plea's consequences." *Id*. (quoting *Barbee v. Ruth*, 678 F.2d 634, 635 (5th Cir. 1982). It has long been held that an attorney's incorrect prediction of the application of the guidelines does not constitute ineffective assistance of counsel. *Rivera*, 898 F.2d at 447. Even if counsel incorrectly stated the maximum sentence of imprisonment, the error can be cured by imparting correct information in the plea agreement or at the plea hearing. *See U.S. v. Green*, No. 06-60706, 220 Fed. Appx. 346, 347-48 (5th Cir. Mar. 5, 2007).

Here, the indictment correctly identified the maximum statutory penalties associated with the charged offense. As to count two, petitioner was clearly informed that he faced " NM than 20 years . . ." Petitioner stated in open court that he had received a copy of the indictment and that he understood the charges. (Change of Plea and Senten. Hrg. Tr. III 7). The written plea agreement also plainly stated that the charged offense carried "maximum possible penalties of not more that 20 years imprisonment." Additionally, the plea agreement provided that there was no agreement as to the sentence to be imposed, that the guidelines would apply, and that the agreement was knowing free and voluntary. Petitioner asserted in open court that he agreed with the conditions of the plea agreement as stated above. (Change of Plea and Senten. Hrg. Tr. III 15).

Moreover, during the change of plea hearing, the court specifically informed the petitioner of the potential sentence:

THE COURT: Do you understand what you could be sentenced to as far as what the maximum penalty the law allows in cases like this?

THE DEFENDANT: Yes, sir

THE COURT: Let me go over this with you . . . I have not more than 20 years imprisonment; not more than a $1 million fine; at least three years supervised release . . . under Title 21 United States Code, Section 841(b)(1)(C).

(Change of Plea and Senten. Hrg. Tr. III 9). The court informed petitioner that since his sentencing would takes place post-*Booker*, the sentencing guidelines would only be advisory as opposed to mandatory. (Change of Plea and Senten. Hrg. Tr. III 17-18). The court also clearly imparted upon the petitioner that the court was free to depart from guidelines:

THE COURT: Do you understand that after the recommended guideline range has been determined, the Court has the authority in some circumstances to depart from guidelines, the recommended

|  |  |
|---|---|
|  | guidelines, and impose a sentence that is more severe or less severe than the sentence called for by the application of the guidelines? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Do you understand that if you enter a guilty plea and the Sentencing Guidelines are higher than you expected and I impose that higher sentence, or any other sentence, you will not be allowed to withdraw your guilty plea? |
| THE DEFENDANT: | Yes, sir. |

(Change of Plea and Senten. Hrg. Tr. III 18). Furthermore, petitioner clearly stated no one had promised or predicted his sentence:

|  |  |
|---|---|
| THE COURT: | Has anyone made any promises to you in addition to this plea agreement to cause you to plead guilty? |
| THE DEFENDANT: | No, sir. |
| . . . |  |
| THE COURT: | Now, has anyone made any prediction or promise what sentence you would receive? |
| THE DEFENDANT: | No, sir. |

(Change of Plea and Senten. Hrg. Tr. III 19-20).

Based on the information conveyed and statements made in open court, there can be no doubt that Terry was fully informed of the consequences of the guilty plea including the maximum statutory penalty and the possibility that a more harsh sentence could be imposed. Formal declarations in open court are entitled to a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). To the extent that petitioner's claim is based on his attorney's failure to accurately predict the length of his sentence, his claim must fail. Even if Attorney Park estimated an incorrect sentencing range, Terry cannot maintain a claim of ignorance in light of the foregoing discussion. Accordingly, petitioner's second ground for relief shall be denied.

*Ground Three*

In his third ground for relief, petitioner alleges trial counsel was ineffective for failing to know the law and investigate of the facts surrounding his arrest and search.  Petitioner also alleges that counsel was ineffective for failing to interview and call witness, Tanishia Holman, who he claims could have provided exculpatory evidence.  Petitioner asserts that had his attorney known the law and facts he would not have urged petitioner to plead guilty and he would actually have been found innocent.

The plea agreement and the plea colloquy completely refute petitioner's assertions of innocence or attorney deficiency.  Specifically, the signed plea agreement clearly states "[t]he defendant's agreement is knowing, free and voluntary and not the product of force, threat, or coercion.  The defendant is pleading guilty because defendant is in fact guilty of the charges." (Plea Agreement ¶ 10, Dec. 6, 2004).  Petitioner stipulated to the validity of this agreement in open court. (Change of Plea and Senten. Hrg. Tr. III 15-16).  Furthermore, having been informed by the court at the plea hearing of the charge against him in count two, the elements of the crime the government would have prove at trial, and all the  rights he was entitled to as well as those he would be giving up by entering a plea of guilty, petitioner still chose to enter a guilty plea as to count two of the indictment. (Change of Plea and Senten. Hrg. Tr. III 5-7, 9, 25).  Prior to entering this plea, petitioner also stated that he was satisfied with his attorney's representation.

> THE COURT: The Court finds this defendant is competent to enter a plea. Mr. Terry. have you had ample opportunity to discuss this case with your attorney?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Have you talked with him about the charges that are against you and whatever defense or defenses you might have to the charges?
>
> THE DEFENDANT: Yes, sir.

THE COURT:        Are you satisfied with your attorney's representation of you; that
                  is, do you believe that he has competently represented your best
                  interest in this matter?

THE DEFENDANT:  Yes, sir.

(Change of Plea and Senten. Hrg. Tr III 5).

The record clearly shows that petitioner was satisfied with counsel's handling of the case and that his claims of innocence were unsupported given the informed, voluntary decision to enter a plea of guilty. Accordingly, petitioner's claim that his attorney should have conducted a more thorough investigation is without merit.

Under this ground, petitioner also claims that counsel was ineffective for failing to call an exculpatory witness. Post-conviction claims of uncalled witnesses are viewed with skepticism. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). Claims of this nature require the court to engage in too much speculation as to the testimony of an uncalled witness. *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978). The decision to present witnesses is essentially trial strategy and thus within counsel's domain. *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir. 1983). To prevail on such a claim, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). In order to establish prejudice, the petitioner must also show with reasonable probability that the uncalled witnesses would have made a difference to the result. *Id*. at 603. This demonstration is "required for uncalled lay and expert witnesses alike." *Day*, 566 F.3d at 538.

Terry's claim fails to meet these standards. Terry asserts that his attorney was ineffective for failing to call Tanishia Holman who could have provided exculpatory evidence. Petitioner

fails to assert with any level of specificity the nature of such testimony, whether she would have been available, or how her testimony might have impacted the result. Such conclusory and highly speculative claims are not worthy of habeas relief. *See Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001). Accordingly, petitioner's third ground for relief shall be denied.

*Ground Four*

In his fourth ground for relief, petitioner asserts that counsel was ineffective for failing to investigate the facts surrounding the search and failing to file a motion to suppress. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Petitioner provides a mere conclusory allegation that counsel failed to investigate facts related to the search conducted by law enforcement, and he fails to assert what results, if any, such an investigation would have revealed. Presumably, petitioner is alleging that such an investigation would have revealed grounds for excluding evidence based upon an unconstitutional search and seizure. Assuming this is petitioner's argument, the record refutes his claim.

In the original plea hearing, the court specifically raised concerns regarding the existence of probable cause to support the search warrant. (Change of Plea Hrg. Tr. 22, Dec. 9, 2004).

> THE COURT: We're on the horn of a procedural and evidentiary dilemma here. They've got to have probable cause to get a search warrant to make an arrest. Your lawyer said a minute ago to make a search, the search of your residence [sic]. As is it my understanding—am I correct that you are waiving any right to contest that fact?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: That probable cause did not exist to get the search warrant?
>
> THE DEFENDANT: Yes, sir

|                 |                                           |
|-----------------|-------------------------------------------|
| THE COURT:      | You've talked to your lawyer about that?  |
| THE DEFENDANT:  | Yes, sir.                                 |
| THE COURT:      | Do you agree with that?                   |
| THE DEFENDANT:  | Yes, sir.                                 |
| THE COURT:      | Is that understood, Mr. Park?             |
| MR. PARK:       | Yes, sir.                                 |

(Change of Plea Hrg Tr. 23-24).

The record thus demonstrates that petitioner conferred with counsel on the very issue which petitioner alleges counsel failed to investigate. Having established that counsel considered the Fourth Amendment concerns, petitioner is unable to overcome the presumption of that his attorney, when not filing a motion to suppress, exercised the degree of skill and diligence a reasonably competent attorney would exercise under similar circumstances. *See Strickland*, 466 U.S. at 687. As petitioner does not carry the burden of first prong of the *Stickland* analysis, it is unnecessary to consider the "prejudice" prong. Accordingly, petitioner's fourth ground for relief shall be denied.

### Ground Five: Petitioner's Addendum

In "Petitioner's Addendum to § 2255 Motion" filed on October 27, 2008, petitioner essentially alleges the trial court erred by failing to grant a three point reduction in his offense level for acceptance of responsibility. Petitioner claims that he should have been granted a three point reduction because he pled guilty to count two of the indictment.

While petitioner admitted to the possession of approximately 115 grams of cocaine powder, the court declined to grant the three point reduction based on grand jury testimony given by petitioner's girlfriend, Natashia Tellis, suggesting an attempt to obstruct justice. Specifically,

Tellis presented a brutal account of the incidents that occurred on or about July 1, 2004, where petitioner drove her from Charleston to Batesville, physically abusing her the entire time and threatening her if she did not take responsibility for the cocaine found during the search of the home. (Senten. Hrg. Tr. I 5-12). At a subsequent sentencing hearing, petitioner presented a milder version of the incidents that occurred, claiming that the feud was related to jealously within the relationship (Change of Plea and Senten. Hrg. Tr. III 27). Petitioner sought to exclude the testimony given by Tellis to the grand jury, but the court overruled this objection. The court then denied petitioner's argument for acceptance of responsibility because it could not reconcile such a claim with the testimony demonstrating petitioner's attempt to obstruct justice. Clearly, using physical force in an attempt to influence a federal witness to take responsibility for a crime charged is not consistent with acceptance of responsibility which would warrant a three-point reduction. Therefore, the trial court did not err in this regard. Accordingly, the ground contained in petitioner's addendum shall be denied.

## IV.    Conclusion

For the foregoing reasons, petitioner Terry's 28 U.S.C. § 2255 motion to vacate, set aside, or correct the sentence imposed shall be denied. The claims neither singularly or collectively are sufficient to warrant federal habeas relief.

A final judgment shall issue in accordance with this opinion.

This the 9th day of October, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE